ISAAC N. VANDYKE *et al.*

*v.*

GEORGE WALTERS *et al.*

1. FRAUD—*as a ground for rescission of exchange of lands.* Where a party, by false and fraudulent representations as to the situation, quality and value of Texas lands, procures a party to convey to his father-in-law lands in this State in exchange for the Texas lands, the latter being a party to the fraud, a court of equity will restore the injured party to his legal rights, by rescinding the contract.

2. SAME—*court not bound to adjust equities between participants in fraud.* On bill to rescind a contract for the exchange of lands, for fraud practiced by the defendants, the latter will not have such a standing as to require the court to adjust nicely the equities between them, in decreeing a reconveyance of the lands they gave in the exchange.

3. DECREE—*interest not litigated is not affected.* Where the equities of a portion of the defendants are not set up in the pleadings, as against another defendant, so as to justify the court in taking notice of the same, they will not be affected by the decree.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a bill in equity, filed by appellees, against appellants, to set aside certain conveyances as having been procured by fraudulent and false representations.

The bill alleged that complainants, on September 2, 1872, were seized in fee, as tenants in common, of the north-west quarter of the north-east quarter, and the south half of the south-east quarter of section 22, four acres off the south end of the north-east quarter of the south-east quarter of section 22, and the north half of the north-east quarter of the north-east quarter of section 27, township 13, range 10, in Coles county, and negotiated with Vandyke to exchange the same for 640 acres of land in Hill county, Texas, and $1450 in money; that Vandyke represented the Texas lands as on the Brazos river; that there were 40 or 50 acres in the bottom in cultivation; that the remainder of the bottom land was prairie, with now and then a pecan and cedar tree; that there was on the upland 100 acres of post-oak timber, the balance good prairie; that there was a cabin on the land, that had been occupied till 1872; that there was a spring of living water on the land, and the land was worth $5 per acre; that he (Vandyke) had been on the land, had and could make a good title, etc.; that complainants, relying on these representations, made the exchange, but, by arrangement, conveyed their lands to Hezekiah Ashmore, the father-in-law of Vandyke, who paid the $1450. The bill then alleged the falsity of the representations as to the situation, quality and value of the Texas lands, and prayed a rescission of the transaction for the fraud practiced.

The decree of the court found the allegations of the bill to be true, and that Ashmore had died leaving appellants his heirs, and widow, and decreed that the contract was void for the fraud perpetrated by Vandyke and Ashmore; that complainants pay, or tender, to the administrators of Ashmore said $1450, with six per cent interest from September 2, 1872, within sixty days, and, at the same time, convey, by special warranty deed, the Texas lands to the children and heirs at

law of Ashmore, or tender the same, and that the defendants reconvey the Illinois lands to the complainants within sixty days, and that, in default thereof, the master should convey, and that the defendants pay the costs.

To reverse this decree the defendants appealed.

Mr. A. M. PETERSON, and Messrs. WILEY & PARKER, for the appellants.

Mr. O. B. FICKLIN, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The record in this case shows fraud as charged in the bill, and fully warranted the court in restoring appellees to their legal rights in the property in question.

The equity of Ashmore's heirs, as to the 10 acres, spoken of in the proofs as the land of John Walters, was not set up in the pleadings in such manner as to require the court to take notice of it, and it remains unaffected by the decree.

We perceive no wrong in that part of the decree directing a conveyance of the Texas lands to the heirs of Ashmore. At all events, no complaint can be heard from Vandyke or the heirs of Ashmore. Ashmore and Vandyke were both parties to the fraud upon the appellees; and where parties unite in a fraud, they have no such standing in a court of equity as will require that court to adjust nicely the equities between them when their fraudulent transactions are set aside.

Rejecting the testimony of William and George Walters, the evidence in the record abundantly supports the decree.

The decree must be affirmed.

*Decree affirmed.*